UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MATTHEW JONES,

    Plaintiff,

v.                                    Case No. 4:23-cv-519-RH/MJF

FLORIDA STATE POLICE,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this civil action under 42 U.S.C. § 1983 against the Florida State Police. Doc. 1. Plaintiff asserts that he died—and was resurrected after consuming a medicine created from a 250-year-old tree—after Florida State Police officers raped Plaintiff. Because Plaintiff's claims are frivolous, the undersigned recommends that the District Court dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(i).

### I. Background

Plaintiff asserts that in July 2000, Plaintiff was raped by police departments located in Alabama, Arkansas, Delaware, Florida, Georgia, Kentucky, Louisiana, Maryland, Mississippi, North Carolina, South

Carolina, Tennessee, Texas, Virginia, and West Virginia.[1] Doc 1 at 2–4. In one instance, Plaintiff allegedly was raped by so many officers that the officers "caused a traffic jam entering Salisbury, Maryland, from Delmar Delaware." *Id.* at 2. Plaintiff also claims that he died each time he was raped. *Id.* at 4. "To resurrect [Plaintiff] from the dead . . . a 250[-]year[-]old tree" and the plants that grew around the tree "needed to be converted into medicine." *Id.*

## II. DISCUSSION

Because Plaintiff is proceeding *in forma pauperis*, the court is required to review his complaint for, among other things, frivolity. 28 U.S.C. § 1915(e)(2)(B)(i). A court may dismiss a claim as frivolous if the claim lacks an arguable basis in fact. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

### A.   <u>Plaintiff's Complaint Is Factually Frivolous</u>

Claims are frivolous as a factual matter when they are based on fantastic, delusional, or incredible "facts." *Denton*, 504 U.S. at 32–33;

---

[1] Plaintiff does not allege that any of the rapes occurred in the Northern District of Florida.

*Neitzke*, 490 U.S. at 328. In other words, a claim is factually baseless when the "allegations are sufficiently fantastic to defy reality as we know it." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009).

Plaintiff's allegations "can only be described as frivolous and 'clearly baseless.'" *Jones v. New York City Police Dep't*, No. 23-CV-8101 (PKC), 2023 WL 7283782, at *2 (E.D.N.Y. Nov. 3, 2023); *Jones v. Ohio State Highway Patrol*, No. 1:23-CV-794, 2023 WL 8915836, at *2 (S.D. Ohio Dec. 27, 2023) ("Plaintiff's allegations, including being resurrected from the dead on multiple occasions, warrants dismissal of his complaint under *Denton*."), *report and recommendation adopted*, No. 1:23-CV-794, 2024 WL 865849 (S.D. Ohio Feb. 29, 2024).

B. <u>Plaintiff's History of Asserting Frivolous Claims</u>

In determining frivolousness, a district court may consider a litigant's history of asserting frivolous claims. *Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). This is not Plaintiff's first time asserting frivolous claims. Various district courts throughout the United States have found Plaintiff's claims to be factually frivolous. *See, e.g.*, *Jones v. Georgia State Police*, No. CV423-345, 2023 WL 9065912, at *2 (S.D. Ga. Dec. 11, 2023) (concluding that Plaintiff's litigation history and

delusional allegations show that Plaintiff "is a mentally-ill serial litigant"), *report and recommendation adopted*, No. 4:23-CV-345, 2024 WL 37969 (S.D. Ga. Jan. 3, 2024); *Jones v. Steele Police*, No. 1:23-CV-218 ACL, 2023 WL 8619289, at *3 (E.D. Mo. Dec. 13, 2023) (same). In short, both Plaintiff's current allegations that are based on fantastic and delusional facts and his history of filing frivolous complaints show that Plaintiff is attempting to pursue frivolous claims in this action. The District Court, therefore, should dismiss this action.

C. **Leave to Amend**

"[B]efore dismissing a complaint, a district court 'must' give a pro se party 'at least' one chance to amend the complaint if a more carefully drafted complaint might state a claim." *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023). "Amendment is *not* warranted" where an amendment is futile, i.e. "a more carefully drafted complaint could not state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019). The undersigned concludes that amendment would be futile because Plaintiff's allegations and claims are based on fantastic and delusional scenarios. Therefore, dismissal without amendment is warranted in this case.

### III. CONCLUSION

Because this action is frivolous, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this action under 28 U.S.C. § 1915(e)(2)(B)(i).

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 1st day of April, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2(C);** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts**

**taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**